# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

SEAN C. WALKER,

      Plaintiff,

      v.                                             Case No. 1:14-CV-332-JVB-SLC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

      Defendant.

## OPINION AND ORDER

Plaintiff Sean Walker seeks judicial review of the Defendant Acting Commissioner of Social Security Administration's decision to deny his Disability Insurance and Social Security Income benefits. He asks this Court reverse the agency's decision or, alternatively, remand the case for reconsideration.

For the reasons discussed below, the case is remanded for further review.

**A.    Overview of the Case**

Plaintiff claims he became disabled on January 15, 2008, at the age of 42, because of a stroke. He was diagnosed with an acute cerebral hemorrhage, hypertension, and lower back pain. On April 29, 2013, Administrative Law Judge Patricia Melvin denied Plaintiff's application for benefits. While the ALJ agrees that Plaintiff's residuals from a stroke, such as fatigue, dizziness, memory and cognitive issues, and degenerative disc disease at L4-5 constitutes a severe impairment, she found that it does not meet or equal any listing found in the federal regulations. Moreover, the ALJ found that Plaintiff is able to perform a significant number of jobs that exist

in the national economy. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request to review it.

The Court addresses the other relevant facts in its analysis below.

**B.     Standard of Review**

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**C.     Disability Standard**

To qualify for disability benefits, the claimant must establish that he suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The SSA established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.    Analysis**

On appeal, Plaintiff argues that the ALJ committed three errors: first, the ALJ erred in assigning Plaintiff's treating physician little weight; second, the ALJ failed to consider Plaintiff's actual access to jobs in the local geographic area; and third, the ALJ failed to adequately consider work history in assessing Plaintiff's credibility.

**(1)** *The ALJ failed to adequately explain the decision to assign the treating physician little weight*

Generally, controlling weight is given to the treating physician's opinion only if it is well-supported by medically acceptable objective evidence and consistent with the other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2). If a treating physician's opinion is not given controlling weight, then the ALJ evaluates the: (1) examining relationship; (2) length

of the treatment relationship and frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of the opinion by relevant evidence; (5) consistency of the opinion with the record as a whole; and, (6) if any, physicians specialization. *Id*. at § 404.1527(c)(1)–(6). It is not the reviewing Court's job to determine whether the treating physician's opinion should have been given controlling weight. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)("[W]e review the entire record, but do not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner."). However, an ALJ must give "good reasons" for the weight afforded to a treating source's opinion. *Id.* at § 404.1527(c)(2).

The ALJ assessed the credibility of Dr. Jan, a disability physician who examined Plaintiff; Dr. Ruiz, a non-examining disability physician; Dr. Roy, a clinical psychologist; Dr. Kennedy, a disability determination psychologist; and Dr. Goudy, the treating physician (R. 38-39.) The ALJ assigned Dr. Jan and Dr. Ruiz's substantial weight because both opinions "were consistent with the medical evidence of record, and [her] observations at the hearing." The ALJ assigned Dr. Ruiz "substantial weight as a non-examining doctor with an extensive knowledge of disability requirements." (R. at 39.) Dr. Kennedy "was given less weight for her psychiatric review noting that the claimant's cognitive disorder was less severe." (R. at 39.) The ALJ assigned Dr. Goudy's opinion "less weight" because the "physical limitations were not supported by his own treatment notes." (R. at 26.)

Although the ALJ did discuss Plaintiff's treatment history with Dr. Goudy in depth, she failed to explain why the opinion deserved "less weight" and erred in two respects: (1) she never explained what was inconsistent about Dr. Goudy's treatment notes; (2) she failed to adequately discuss the required factors in 20 C.F.R. § 404.1527(c)(1)–(6) when a treating physician is not

4

assigned controlling weight.

Defendant argued an ALJ does not need to give a treating physician controlling weight if the opinion is not well-supported by objective medical evidence and inconsistent with other substantial evidence of record. Although this is true, the ALJ still has an obligation to adequately explain why she disregarded the treating physician's opinion. *See Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992). If the ALJ assigned Dr. Goudy's opinion less weight because she thought it consisted mainly of Plaintiff's subjective complaints of pain, she needed to provide more than a vague, one sentence statement that "some physical limitations were not supported by his own treatment notes." (R. at 39.)

In her opinion, the ALJ also failed to discuss the five factors enumerated in 20 C.F.R. § 404.1527(c)(1)–(6). In this case, all examining and non-examining physician's considered Plaintiff's subjective complaints and came to similar conclusions. Therefore, it was necessary for the ALJ to discuss these factors when assigning less weight to the treating physician and more weight to either other physicians, non-treating physicians, or the disability determination doctors.

Plaintiff alleged he suffered from "fatigue, difficulty processing information, poor stamina." (R. at 31.) Further, Plaintiff complained of problems with "standing, walking, stair climbing, memory and concentration, and in following instructions." (R. at 33.) After the stroke, Dr. Goudy noted these subjective complaints, and diagnosed Plaintiff with hypertension, intra-cerebellar hemorrhage, hyperlipidemia, and ataxia secondary to stroke (R. at 33.)

Dr. Roy, a clinical psychologist, "noted his complaints of significant problems with his memory, as well as physical complaints, after a 2008 stroke" (R. 34.) In memory testing, she noted memory deficits in all areas. (R. at 34.) She concluded "claimant's ability to understand,

carryout simple instructions in a sustained manner was impaired due to moderate to severe challenges due to his memory." (R. at 34.)

Dr. Jan completed a disability physical and considered the Plaintiff's subjective complaints noting "[h]e stated that he would fatigue easily, and felt unbalanced at times," and "[h]e had been able to perform his daily activities, such as dressing, preparing meals, and was able to drive a car, but not for long distances." (R. at 25.) After an examination, she diagnosed Plaintiff with "unspecified cerebrovascular disease, intra-cerebral bleed, difficulty with memory and coordination since; memory loss; hyperlipidemia; and lumbago." (R. at 26.)

Dr. Ruiz completed a residual functioning capacity assessment noting Plaintiff suffered from "back pain with decreased range of motion, and a stable gait." (R. at 36.) She observed he had "no problems with walking, standing, sitting, or using his hands at a face-to face interview," and "no communicative, visual, manipulative or environmental limitations other than avoiding concentrated exposure to hazards such as machinery and heights, and that he was restricted to slick and uneven surfaces." (R. at 37.) She concluded "the claimant was partially credible, but that the medical evidence did not support the severity of his alleged impairments." (R. at 37.) However, the ALJ's opinion failed to discuss whether Dr. Ruiz made any assessment of Plaintiff's cognitive or memory impairments.

The record illustrates that every non-treating and treating physician considered Plaintiff's subjective complaints. At a minimum, the ALJ needed to articulate which subjective complaints were inconsistent with the objective medical evidence. Dr. Ruiz's opinion was given significant weight, yet the record failed to reflect whether Dr. Ruiz even considered Plaintiff's cognitive or mental impairments. Dr. Jan's opinion was given substantial weight; however, her findings were

consistent with Dr. Goudy's and Dr. Roy's. It is unclear why the ALJ categorized Dr. Jan's opinion as consistent and Dr. Goudy's as inconsistent, yet both opinions are very similar.

Although using "boilerplate language," to assign physicians more or less weight does not automatically require a reversal, the court should not have to comb through the record in search of evidence supporting the weight assigned to each physician. *Bush v. Colvin*, 2013 WL 5320627, No. 2:11-CV-377 (N.D. Ind. Sept. 20, 2013). The court is not suggesting the ALJ's determination was incorrect, but only that greater elaboration is necessary for any meaningful review to occur.

The Court remands this issue for reconsideration.

 **(2)** *Plaintiff's work history*

Plaintiff argued the ALJ failed to consider Plaintiff's work history in determining Plaintiffs' credibility, thereby requiring a remand. However, a plaintiff's work history does not entitle him to an automatic finding of substantial credibility. *Loveless v. Colvin*, No. 15-2235, 2016 WL 147547, at * 6 (7th Cir. Jan. 13,2016). "[W]ork history is just one factor among many, and it is not dispositive." *Id*. Moreover, failing to directly mention work history does not mean that the ALJ failed to consider it. *Id*. The ALJ need only "minimally articulate" the reasons for credibility judgments. *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992).

On remand, the ALJ may take Plaintiff's work history into account, if significant, as one of the factors to consider in assessing his condition. However, as noted above, the work history, must be considered as one factor among many.

**(2)** *Conclusion*

For the reasons explained above, the Court remands the case for further consideration.

SO ORDERED on February 16, 2016.

       S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE